**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SALVADOR PENA LOPEZ,<br>               Petitioner,<br>vs.<br>ERIC H. HOLDER, JR.,<br>               Respondent. | CASE NO. 12CV1973 WQH (BGS)<br><br>ORDER |

HAYES, Judge:

      The matter before the Court is the Petition for Writ of Habeas Corpus ("Petition") filed by Petitioner Salvador Pena Lopez pursuant to 28 U.S.C. § 2241. (ECF No. 1).

**BACKGROUND**

      On July 23, 2012, Petitioner Salvador Pena Lopez, proceeding pro se, filed the Petition but failed to pay the $5.00 filing fee or file a motion to proceed in forma pauperis. (ECF No. 1). On August 20, 2012, Petitioner filed the required $5.00 filing fee. (ECF No. 2). In the Petition, Petitioner alleges that he is currently in the custody of the Department of Homeland Security and is being detained at the San Diego Correctional Facility. (ECF No. 1 at 2). Petitioner alleges that on December 7, 2011, the United States Immigration Court in Denver, Colorado initiated removal proceedings pursuant to Section 212(a) of the Immigration Nationality Act. *Id*. Petitioner challenges his custody on the grounds that his "I130 petition has been approved." *Id.* at 2-3.

      On October 23, 2012, this Court issued an Order requiring Respondent to show cause

1  why the Petition should not be granted by filing a written return with the Court. (ECF No. 3).
2  On October 31, 2012, Respondent filed a written return. (ECF No. 4). Respondent contends:
3  "Petitioner is directly challenging his removal order and the district court does not have
4  jurisdiction over such claims." *Id.* at 3. Respondent submits a copy of an executed warrant of
5  removal, dated October 22, 2012, documenting Petitioner's removal to Mexico. (ECF No. 4-1
6  at 43-44).

## RULING OF THE COURT

Pursuant to 8 U.S.C. section 1252, habeas jurisdiction over removal orders is vested solely with the courts of appeal. *See* 8 U.S.C. § 1252(a)(5) ("Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, ... a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal."). The Court concludes that it lacks jurisdiction to consider the Petition. *See* 8 U.S.C. § 1252.

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) filed by Petitioner is DENIED.

DATED: November 19, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge